# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN BRIAN ZEICH,** | **1:93-cr-05217-LJO** |
| **Movant,** | **ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND PROPOSED AMENDMENT 782, U.S.S.G. § 1B1.10** |
| **v.** | |
| **UNITED STATES OF AMERICA** | (Doc. 122) |
| **Respondent.** | |

Petitioner Kevin Brian Zeich ("Petitioner") is a federal prisoner proceeding pro se pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, U.S.S.G. § 1B1.10 to amend his sentence in connection with his conviction of two counts of Conspiracy to Distribute and Possess Methamphetamine, in violation of 21 U.S.C. § 841. Doc. 122.

## I.   FACTUAL AND PROCEDURAL HISTORY

On October 22, 1993, Petitioner and two co-defendants were indicted and charged with possession with intent to distribute methamphetamines and conspiring to distribute methamphetamine. Doc. 124 at 2. In a plea agreement executed on August 4, 1994, Petitioner pled guilty to both counts. *Id.* Petitioner's presentence report, which was prepared by the U.S. Probation Office, found that due to Petitioner's criminal history, he should be sentenced under the Career Offenders and Criminal Livelihood section of the Federal Sentencing Guidelines Manual, U.S.S.G. §4B1.1. Presentence Report at 8. On October 17, 1994, pursuant to his presentence report, Petitioner was sentenced to 327 months in custody with ten years of supervised release. Doc. 89 and Statement of Reasons at 1.

## 1. Ripeness of Motion

In the majority of cases, upon completion of direct review, an imposed sentence is final; however, there is an exception for sentences imposed pursuant to a guidelines range that has subsequently been lowered:

> The court may not modify a term of imprisonment once it has been imposed except that…in the case of a defendant who had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(2).

In April 2014, the United States Sentencing Commission ("Sentencing Commission") unanimously voted to lower the sentencing guideline levels applicable to most federal drug trafficking offenders. *News Release. U.S. Sentencing Commission Unanimously Votes to Allow Delayed Retroactive Reduction in Drug Trafficking Sentences* (July 18, 2014). In July 2014, the Sentencing Commission voted to make Amendment 782 retroactive, meaning that many offenders currently in prison are now eligible for a reduced sentence. *Id.*

Amendment 782 was subject to Congressional revocation at any time before November 1, 2014. 28 U.S.C. §994(o). Congress permitted the amendment to go forward without objection and the Amendment is now codified. *News Advisory. Comment of Honorable Patti B. Saris, Chair, U.S. Sentencing Commission, on Amendment Reducing Drug Guidelines Becoming Effective Tomorrow* (October 31, 2014).

## 2. Applicability of Amendment to Petitioner's Sentence

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, U.S.S.G. § 1B1.10. Although the Court has jurisdiction to review Petitioner's claim and his claim is currently ripe, Petitioner does not qualify for a

sentence reduction. Sentence reductions are only available for those persons who were sentenced under the amended sentencing provision. Petitioner was sentenced not pursuant to his underlying offense and U.S.S.G. § 2D1.10, which would have given him a base offense level of 36. Rather Petitioner was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 giving him an unadjusted offense level of 37. Presentence Report at 8. "§ 4B1.1 requires that a district court apply this alternate sentencing scheme where the offense level it specifies exceeds the offense level that would otherwise apply." *U.S. v. Wesson*, 583 F. 3d 728, 731 (9th Cir. 2009). As Petitioner's offense level was a point higher under § 4B1.1, the Probation Officer and subsequently the Court used § 4B1.1 guidelines to determine Petitioner's sentence.

It is a matter of settled law in the Ninth Circuit that "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because, as we said the two sentencing schemes are mutually exclusive." *U.S. v. Charles,* 749 F. 3d 767, 770 (9th Cir. 2014) (internal citations and quotation marks omitted). Thus someone whose sentence range was calculated under U.S.S.G. § 4B1.1 "because the defendant was a career offender cannot have been 'based on' a sentence range calculated under § 2D1.10." *Wesson*, 583 F. 3d at 731. As Petitioner's sentence was not based on the U.S.S.G. § 2D1.10, he is ineligible for the reduction.

Because Petitioner has no basis for seeking a reduction, his motion is DENIED.

### III. CONCLUSION AND ORDER

For the reason discussed above, this Court:

    1.    DENIES Petitioner's motion to reduce his sentence pursuant to 18 U.S.C.§ 3582(c)(2).

**SO ORDERED**
**Dated: November 7, 2014**

                    **/s/ Lawrence J. O'Neill**
                    **United States District Judge**